UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x

GENERAL ELECTRIC CAPITAL
CORPORATION,

                      Plaintiff,

    -against-

NEW YORK MEG, L.L.C., 4-D
NEUROIMAGING, INC. and MARTIN EGLI,

                      Defendants.

————————————————————————x

Case No. 07 CIV 9715 (RJH)

**NEW YORK MEG, L.L.C.'S ANSWER**

Defendant New York Meg L.L.C. ("NY MEG"), by its attorneys Leader & Berkon LLP, as and for its Answer to the Complaint of Plaintiff General Electric Capital Corporation ("GECC") responds as follows:

## ANSWER

1. NY MEG admits that GECC agreed to finance NY MEG's purchase of certain equipment, respectfully refers the Court to the Master Security Agreement between GECC and NY MEG entered into on or about May 9, 2003 and the Schedules, subsequent amendments and addendum thereto (the "Master Security Agreement") and, except as so admitted, denies the remaining allegations in Paragraph 1 of the Complaint.

2. NY MEG denies the allegations in Paragraph 2 of the Complaint.

3. NY MEG denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint.

4. NY MEG admits that it is an Indiana L.L.C. and, except as so admitted, denies the allegations in Paragraph 4.

5. Upon information and belief, NY MEG admits the allegations in Paragraph 5 of the Complaint.

6. NY MEG denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint.

7. NY MEG denies the allegations in Paragraph 7 of the Complaint.

8. NY MEG admits that the United States District Court for the Southern District of New York has jurisdiction.

9. Upon information and belief, NY MEG denies the allegations in Paragraph 9 of the Complaint.

10. NY MEG admits it entered into the Master Security Agreement with Plaintiff, respectfully refers the Court to the Master Security Agreement and, except as so admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

11. NY MEG respectfully refers the Court to the Master Security Agreement and otherwise denies the allegations in Paragraph 11 of the Complaint.

12. NY MEG denies the allegations in Paragraph 12 of the Complaint.

13. NY MEG respectfully refers the Court to the Master Security Agreement and otherwise denies the allegations in Paragraph 13 of the Complaint.

14. NY MEG respectfully refers the Court to the Master Security Agreement and otherwise denies the allegations in Paragraph 14 of the Complaint.

15. NY MEG respectfully refers the Court to the Master Security Agreement and otherwise denies the allegations in Paragraph 15 of the Complaint.

16. NY MEG respectfully refers the Court to the Master Security Agreement and

otherwise denies the allegations in Paragraph 16 of the Complaint.

17. NY MEG denies the allegations in Paragraph 17 of the Complaint.

18. NY MEG denies the allegations in Paragraph 18 of the Complaint.

19. NY MEG respectfully refers the Court to the Master Security Agreement and otherwise denies the allegations in Paragraph 19 of the Complaint.

20. NY MEG denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

21. NY MEG respectfully refers the Court to the Master Security Agreement and otherwise denies the allegations in Paragraph 21 of the Complaint.

22. NY MEG respectfully refers the Court to the Master Security Agreement and otherwise denies the allegations in Paragraph 22 of the Complaint.

23. NY MEG denies the allegations in Paragraph 23 of the Complaint.

24. NY MEG denies the allegations in Paragraph 24 of the Complaint.

25. NY MEG denies the allegations in Paragraph 25 of the Complaint.

26. NY MEG denies the allegations in Paragraph 26 of the Complaint.

27. NY MEG admits it executed a promissory note, as amended October 27, 2005 and August 25, 2006 (the "Promissory Note"), respectfully refers the Court to the Promissory Note and, except as so admitted, denies the allegations in Paragraph 27 of the Complaint.

28. NY MEG respectfully refers the Court to the Promissory Note and otherwise denies the allegations in Paragraph 28 of the Complaint.

29. NY MEG respectfully refers the Court to the Master Security Agreement and the Promissory Note and otherwise denies the allegations in Paragraph 29 of the Complaint.

30. NY MEG admits it entered into a separate security agreement with Plaintiff on or

about May 14, 2003 (the "Supplemental Security Agreement"), respectfully refers the Court to the Supplemental Security Agreement and, except as so admitted, denies the allegations in Paragraph 30 of the Complaint.

31. NY MEG respectfully refers the Court to the Supplemental Security Agreement and otherwise denies the allegations in Paragraph 31 of the Complaint.

32. NY MEG denies knowledge or information sufficient to form a belief as to the truth of the allegations sufficient to the allegations in Paragraph 32 of the Complaint.

33. NY MEG denies the allegations in Paragraph 33 of the Complaint.

34. NY MEG denies the allegations in Paragraph 34 of the Complaint.

35. NY MEG admits that the Equipment and certain other collateral is located at NY MEG's place of business at 300 East 39th Street, New York, New York and, except as so admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint.

36. NY MEG admits it did not make the Balloon Payment referred to in Paragraph 36 of the Complaint, respectfully refers this Court to the Master Security Agreement and, except as so admitted, denies the allegations in Paragraph 36 of the Complaint.

37. NY MEG admits it did not make the Promissory Balloon Payment referred to in Paragraph 37 of the Complaint, respectfully refers this Court to the Promissory Note, and, except as so admitted, denies the remaining allegations in Paragraph 37 of the Complaint.

38. NY MEG denies the allegations in Paragraph 38 of the Complaint.

39. NY MEG denies the allegations in Paragraph 39 of the Complaint.

40. NY MEG denies the allegations in Paragraph 40 of the Complaint.

41. NY MEG respectfully refers the Court to a letter of credit posted by NY MEG

and any and all amendments, addendums or modifications thereto (the "Letter Of Credit") and otherwise denies the allegations in Paragraph 41 of the Complaint.

42. NY MEG denies the allegations in Paragraph 42 of the Complaint.

43. NY MEG denies the allegations in Paragraph 43 of the Complaint.

44. NY MEG denies the allegations in Paragraph 44 of the Complaint.

45. NY MEG denies the allegations in Paragraph 45 of the Complaint.

46. NY MEG admits that NY MEG and GECC have had discussions regarding the Master Security Agreement and the Letter Of Credit and, except as so admitted, denies the allegations in Paragraph 46 of the Complaint.

47. NY MEG denies the allegations in Paragraph 47 of the Complaint.

48. NY MEG denies the allegations in Paragraph 48 of the Complaint.

49. NY MEG denies the allegations in Paragraph 49 of the Complaint.

50. NY MEG denies the allegations in Paragraph 50 of the Complaint.

51. NY MEG denies the allegations in Paragraph 51 of the Complaint.

52. NY MEG denies the allegations in Paragraph 52 of the Complaint.

53. NY MEG respectfully refers this Court to the Letter Of Credit, and, except as so admitted, denies the allegations in Paragraph 53 of the Complaint.

54. NY MEG denies the allegations in Paragraph 54 of the Complaint.

55. NY MEG denies the allegations in Paragraph 55 of the Complaint.

56. NY MEG denies the allegations in Paragraph 56 of the Complaint.

57. NY MEG denies the allegations in Paragraph 57 of the Complaint.

58. NY MEG denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint.

59. NY MEG denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint.

60. NY MEG denies the allegations in Paragraph 60 of the Complaint.

61. NY MEG denies the allegations in Paragraph 61 of the Complaint

62. NY MEG denies the allegations in Paragraph 62 of the Complaint

63. NY MEG denies the allegations in Paragraph 63 of the Complaint.

64. NY MEG denies the allegations in Paragraph 64 of the Complaint.

65. NY MEG denies the allegations in Paragraph 65 of the Complaint.

66. NY MEG denies the allegations in Paragraph 66 of the Complaint.

67. Upon information and belief, NY MEG admits Egli has an ownership interest in defendant 4D Neuroimaging, Inc. ("4D") and is the Chairman of 4D's Board of Directors. Except as so admitted, NY MEG denies the allegations in Paragraph 67 of the Complaint.

68. Upon information and belief, NY MEG admits Egli has an ownership interest in defendant 4D and is the Chairman of 4D's Board of Directors. Except as so admitted, NY MEG denies the allegations in Paragraph 68 of the Complaint.

69. NY MEG denies the allegations in Paragraph 69 of the Complaint.

70. NY MEG denies the allegations in Paragraph 70 of the Complaint.

## FIRST CAUSE OF ACTION

71. In response to Paragraph 71 of the Complaint, NY MEG repeats and realleges each and every response to Paragraphs 1 through 70 of the Complaint as if fully set forth.

72. NY MEG denies the allegations in Paragraph 72 of the Complaint.

73. NY MEG denies the allegations in Paragraph 73 of the Complaint.

74. NY MEG denies the allegations in Paragraph 74 of the Complaint.

75. NY MEG denies the allegations in Paragraph 75 of the Complaint.

76. NY MEG denies the allegations in Paragraph 76 of the Complaint.

77. NY MEG denies the allegations in Paragraph 77 of the Complaint.

78. NY MEG denies the allegations in Paragraph 78 of the Complaint.

79. NY MEG denies the allegations in Paragraph 79 of the Complaint.

80. NY MEG denies the allegations in Paragraph 80 of the Complaint.

81. NY MEG denies the allegations in Paragraph 81 of the Complaint.

82. NY MEG denies the allegations in Paragraph 82 of the Complaint.

83. NY MEG denies the allegations in Paragraph 83 of the Complaint.

**SECOND CAUSE OF ACTION**

84. In response to Paragraph 84 of the Complaint, NY MEG repeats and realleges each and every response to Paragraphs 1 through 83 of the Complaint as if fully set forth.

85. NY MEG denies the allegations in Paragraph 85 of the Complaint.

86. NY MEG denies the allegations in Paragraph 86 of the Complaint.

87. NY MEG denies the allegations in Paragraph 87 of the Complaint.

88. NY MEG denies the allegations in Paragraph 88 of the Complaint.

89. NY MEG denies the allegations in Paragraph 89 of the Complaint.

90. NY MEG denies the allegations in Paragraph 90 of the Complaint.

91. NY MEG denies the allegations in Paragraph 91 of the Complaint.

92. NY MEG denies the allegations in Paragraph 92 of the Complaint.

93. NY MEG denies the allegations in Paragraph 93 of the Complaint.

94. NY MEG denies the allegations in Paragraph 94 of the Complaint.

95. NY MEG denies the allegations in Paragraph 95 of the Complaint.

## THIRD CAUSE OF ACTION

96. In response to Paragraph 96 of the Complaint, NY MEG repeats and realleges each and every response to Paragraphs 1 through 95 of the Complaint as if fully set forth.

97. NY MEG denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the Complaint.

98. NY MEG respectfully refers the Court to the Master Security Agreement, the Promissory Note and the Supplemental Security Agreement and otherwise denies the allegations in Paragraph 98 of the Complaint.

99. NY MEG denies the allegations in Paragraph 99 of the Complaint.

100. NY MEG admits that Plaintiff purports, in Paragraph 100 of the Complaint, to demand possession of the Equipment.

101. NY MEG admits the allegations in Paragraph 101 of the Complaint.

102. NY MEG denies the allegations in Paragraph 102 of the Complaint.

103. NY MEG denies the allegations in Paragraph 103 of the Complaint.

## FOURTH CAUSE OF ACTION

104. In response to Paragraph 104 of the Complaint, NY MEG repeats and realleges each and every response to Paragraphs 1 through 103 of the Complaint as if fully set forth.

105. NY MEG denies the allegations in Paragraph 105 of the Complaint.

106. NY MEG respectfully refers the Court to the Master Security Agreement, the Promissory Note and the Supplemental Security Agreement and otherwise denies the allegations in Paragraph 106 of the Complaint.

107. NY MEG denies the allegations in Paragraph 107 of the Complaint.

108. NY MEG admits that Plaintiff purports, in Paragraph 108 of the Complaint, to

demand possession of the Collateral.

      109.    NY MEG admits the allegations in Paragraph 109 of the Complaint.

      110.    NY MEG denies the allegations in Paragraph 110 of the Complaint.

      111.    NY MEG denies the allegations in Paragraph 111 of the Complaint.

      112.    NY MEG denies the allegations in Paragraph 112 of the Complaint.

## **FIFTH CAUSE OF ACTION**

      113.    In response to Paragraph 113 of the Complaint, NY MEG repeats and realleges each and every response to Paragraphs 1 through 112 of the Complaint as if fully set forth.

      114.    NY MEG denies the allegations in Paragraph 114 of the Complaint.

      115.    NY MEG denies the allegations in Paragraph 115 of the Complaint.

      116.    NY MEG denies the allegations in Paragraph 116 of the Complaint.

      117.    NY MEG denies the allegations in Paragraph 117 of the Complaint.

      118.    NY MEG denies the allegations in Paragraph 118 of the Complaint.

      119.    NY MEG denies the allegations in Paragraph 119 of the Complaint.

      120.    NY MEG denies the allegations in Paragraph 120 of the Complaint.

      121.    NY MEG denies the allegations in Paragraph 121 of the Complaint.

      122.    NY MEG denies the allegations in Paragraph 122 of the Complaint.

      123.    NY MEG denies the allegations in Paragraph 123 of the Complaint.

## NEW YORK MEG L.L.C.'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted against NY MEG.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred for failure to comply with Uniform Commercial Code § 9-610(3) because Plaintiff's proposed disposition of the subject collateral is not commercially reasonable.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred, in whole or in part, by any failure on its part to use reasonable care to minimize or mitigate their alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's fraud and misrepresentation claims fail to satisfy the requirements of Fed. R. Civ. Pro. 9(b) in that they lack the specificity and particularity required by applicable law, being instead merely generic and conclusory allegations which fail to state a claim on which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred by the doctrines of estoppel, waiver and laches, *inter alia*, because the Plaintiff delayed for an unreasonable period of time the filing and pursuit of their alleged claims.

## SIXTH AFFIRMATIVE DEFENSE

6. NY MEG hereby asserts, and does not waive, any other applicable affirmative defenses under the Federal Rules Of Civil Procedure and the New York Civil Practice Law and Rules.

**WHEREFORE,** NY MEG demands judgment dismissing Plaintiff's Complaint and such further and additional relief as the Court may deem just and proper.

                LEADER & BERKON LLP

                By: _____/s/_____
                      Glen Silverstein (GS-9174)
                      Alyssa Young (AY-6105)
                      Michael Tiffany (MT-9367)
                      630 Third Avenue, 17th Floor
                      New York, New York 10017
                      Telephone: (212) 486-2400

                      *Attorneys for Defendants*
                      *NEW YORK MEG L.L.C. & 4D*
                      *NEUROIMAGING, INC.*

TO:   Jonathan J. Faust
       Katten Muchin Rosenman LLP
       575 Madison Avenue
       New York, NY 10022
       (212) 940-8800
       *Attorneys for Plaintiff*