UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GENERAL ELECTRIC CAPITAL
CORPORATION,                                                    Case No. 07 CIV 9715 (RJH)

                 Plaintiff,

                                                                       **NOTICE OF REMOVAL**

      -against-

NEW YORK MEG, L.L.C., 4-D
NEUROIMAGING, INC. and MARTIN EGLI,

                 Defendants.

------------------------------------------------------------X

TO THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK:

      New York MEG, L.L.C., defendant in the above-referenced action state:

      1. On or about October 12, 2007, the plaintiff, General Electric Capital Corporation ("GECC"), commenced an action against defendants New York MEG, L.L.C. ("MEG"), 4-D Neuroimaging, Inc. ("4-D") and Martin Egli, in the Supreme Court of the State of New York, New York County, by purchasing an index number. MEG actually received a copy on or about October 15, 2007. A copy of the Summons and Complaint is annexed as Exhibit A.

      2. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days of the receipt of the Summons and Complaint by MEG.

      3. GECC obtained an Order to Show Cause on October 12, 2007 directing the defendants to appear on October 30, 2007 and Show Cause why an Order should not be entered (a) determining and declaring the rights of the respective parties to certain 4-D Neuroimaging Brain Mapping System and collateral that is the subject of the Plaintiff's agreements with MEG;

(b) directing that the Equipment and collateral immediately be delivered to Plaintiff at MEG's sole cost; (c) directing payment of Plaintiff's costs, expenses, legal fees and disbursements in this action; and (d) for such other and further relief as may be just proper and equitable.

4. On October 29, 2007, the Order to Show Cause hearing was adjourned by stipulation until November 13, 2007.

5. Upon information and belief, plaintiff GECC is a Delaware Corporation, and has a principal place of business in Connecticut.

6. MEG is a Limited Liability Company duly organized and existing under the laws of the State of Indiana. MEG's sole member, New York MEG Acquisition Company, is a Indiana corporation with its principal place of business in the State of Indiana.

7. 4-D is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in the State of California.

8. 4-D consents to this Removal.

9. Upon information and belief, Martin Egli is an individual who is a citizen of Switzerland and resides in Switzerland.

10. Upon information and belief, Martin Egli has not been properly served by Plaintiff and disputes service and jurisdiction, and does not oppose the removal.

11. This is an action for breach of contract and replevin of certain equipment located at MEG's facility. Plaintiff alleges damages in the amount of $2,500,000.

12. The above-entitled action between plaintiff and defendant is one of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and is one that may be removed to this Court by the defendant, pursuant to the provisions of 28 U.S.C. § 1441(a) in that it is a civil action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between citizens of different states.

WHEREFORE, the defendant, New York MEG, L.L.C., respectfully requests that the above-referenced action now pending against it in the Supreme Court, New York County, State of New York, be removed to this Court.

Dated: New York, New York
       November 1, 2007

LEADER & BERKON LLP

By: _____
GLEN SILVERSTEIN (GS 9174)
S. ALYSSA YOUNG (SY 6105)
MICHAL J. TIFFANY (MT 9367)
630 Third Avenue, 17th Floor
New York, NY 10017
(212) 486-2400
(212) 486-3099 (Fax)

*Attorneys for Defendant*
*New York MEG, L.L.C.*