UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- x

GENERAL ELECTRIC CAPITAL CORPORATION,    :

           Plaintiff,    :    Case No. 07 Civ 9715 (RJH)

    - against -    :

                            **REPLY AFFIDAVIT OF**
NEW YORK MEG L.L.C., 4D NEUROIMAGING, INC.,    :    **JONATHAN FAUST, ESQ.**
and MARTIN EGLI,
                             :

           Defendants.
                             :
------------------------------------------------- x

      **JONATHAN J. FAUST**, an attorney duly admitted to practice before the Courts of the State of New York, being sworn, hereby affirms the following to be true under penalty of perjury pursuant to CPLR § 2016:

      1.    I am a member of the law firm of Katten Muchin Rosenman LLP ("Plaintiff"), counsel to plaintiff General Electric Capital Corporation ("GECC"). I am familiar with the facts set forth herein based on my personal knowledge and my review of the documents in this matter.

      2.    On October 12, 2007, GECC applied for, and obtained, an Order to Show Cause in New York State court, directing defendant, New York MEG L.L.C. ("NY MEG") to show cause why an order should not be entered: (i) declaring that GECC is the owner, and entitled to immediate possession, of specified equipment and collateral; (ii) granting preliminary and permanent injunctive relief, and an order of replevin, directing that said equipment and collateral be delivered to GECC; (iii) awarding GECC the costs of this suit, including attorneys' fees as incurred herein; and (iv) providing GECC with such other and further relief as is just and proper.

      3.    The Order to Show Cause directed the parties to appear for a hearing on October 30, 2007. Counsel for defendants NY MEG and 4D Neuroimaging, Inc. requested an adjournment of that hearing date to November 13, 2007.

4. During that period, and while the parties were engaged in settlement discussions, defendants removed the action to this Court.

5. Following removal, and at defendants' request, GECC agreed to adjourn the hearing on its application to the week of January 14, 2008. The purpose of this adjournment or standstill was to give settlement discussions a further opportunity at success.

6. Although GECC was willing to work towards settlement, GECC was unwilling to extend any court dates as requested by NY MEG that effectively would allow NY MEG to continue to use the equipment serving as collateral on the defaulted loan, without paying therefore.

7. The parties negotiated payment amounts, taking into account NY MEG's claims of financial stress. To that end, NY MEG paid: (i) $55,000 in October 2007 in exchange for GECC's consent to NY MEG's request to adjourn the state court hearing date; and (ii) $110,000 in November 2007 in exchange for GECC's consent to NY MEG's request for a January hearing date in this Court. Such payments do no, and did not, reflect any agreed upon course of future dealing or any restructuring of NY MEG's debt based on "continuing monthly payments" of $55,000. The pre-Balloon Payment monthly installment amounts were just a convenient unit of measuring such payments.

8. NY MEG's counsel has advised me that, consistent with NY MEG's prior representations to GECC, NY MEG's own financial circumstances are such that it is unable to satisfy its obligations to GECC.

_____
JONATHAN J. FAUST

Sworn to before me this
9th day of January, 2008

_____
Notary Public

JOYCE BENTLEY
Notary Public, State of New York
No. 01BE4673410
Qualified in Kings County
Certificate Filed in New York County
Commission Expires September 30, 2010

2